UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YALIANNY EGUES-GONZALEZ,

      Plaintiff,

    v.                              Case No.:  8:25-cv-3164-CEH-NHA

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,
DIRECTOR, U.S. CITIZENSHIP &
IMMIGRATION SERVICES,
DIRECTOR, ORLANDO FIELD
OFFICE, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,
ATTORNEY GENERAL, U.S.
DEPARTMENT OF JUSTICE,
GREGORY W. KEHOE,

      Defendants,

_____/

**O R D E R**

THIS MATTER comes before the Court on the Government's Motion to Dismiss for Mootness (Doc. 19), filed on June 29, 2026. In the motion, the Government requests that the Court dismiss the Plaintiff's complaint as moot because Plaintiff has received the relief sought in the complaint. On July 9, 2026, Plaintiff filed a "Notice of Nonopposition" (Doc. 20). The Court, having considered the motion and being fully advised in the premises, will grant the Government's Motion to Dismiss for Mootness and dismiss this action without prejudice.

## DISCUSSION

"Mootness arises when an issue presented in a case is 'no longer live or the parties lack a legally cognizable interest in the outcome.'" *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Courts in this Circuit have held that a case must be dismissed as moot "[i]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief." *Keohane*, 952 F.3d at 1267 (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, the Government represents that the Plaintiff has obtained the relief sought in the complaint, that is, an adjudication of Plaintiff's Form I-485. The Government attaches to its motion a copy of the agency's Notice of Decision. Doc. 19-1. Thus, the Government argues Plaintiff's action is now moot. Plaintiff filed a notice indicating no opposition to dismissal based on mootness.

Because mootness is a jurisdictional question, where events occurring subsequent to the filing of an Administrative Procedure Act lawsuit deprive the court of the ability to give the plaintiff meaningful relief, the court must dismiss the case. *Purpose Built Fams. Found., Inc. v. United States*, 634 F. Supp. 3d 1118, 1122 (S.D. Fla. 2022), *aff'd*, 95 F.4th 1346 (11th Cir. 2024). Accordingly, the Court will grant the Government's motion to dismiss for mootness and will dismiss Plaintiff's complaint without prejudice. *See, e.g.*, *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir.), *cert. denied*, 145 S. Ct. 225 (2024) ("Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice."). It is hereby

**ORDERED**:

1.       The Government's Motion to Dismiss for Mootness (Doc. 19) is **GRANTED**.

2.       Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3.       The Clerk is directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on July 13, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any